IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RODNEY POLONIO** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| vs. ) | |
| ) | |
| **SOUTHEAST RESTORATION and** ) | |
| **FIREPROOFING** ) | |
| ) | |
| **Defendant.** ) | |

# COMPLAINT

Plaintiff Rodney Polonio ("Plaintiff" or "Polonio"), by and through his attorneys brings this action for damages and other legal and equitable relief, stating the following as her claims against Defendant Southeastern Restoration and Fireproofing ("Defendant" or "Southeastern"):

**I.     Jurisdiction**

1. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991; the Act of Congress known as "The Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658 and 2201 and 2202.

3. The discriminatory employment actions complained of herein were committed, and are being committed, within the State of Georgia.

## II. Administrative Exhaustion

4. The Plaintiff Rodney Polonio (hereinafter "Polonio") filed a Charge of Discrimination [410-2021-03231] on or about February 17, 2021, with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, Southeastern Restoration and Fireproofing, within 180 days of the occurrence of the last discriminatory act.

5. On December 6, 2021, the EEOC issued a Notice of Right to Sue to Polonio. Polonio is filing this lawsuit less than ninety (90) days after receiving his Notice of Right to Sue from the EEOC and within the 4-year statute of limitations provided by 28 U.S.C. § 1658 for claims arising under 42 U.S.C. § 1981.

## III. Parties

6. Plaintiff Polonio is a citizen of the United States whose country of origin is Belize. He is also a resident of the State of Georgia. Plaintiff is over the age of forty (40).

7. Defendant Southeastern manages restoration, fireproofing, weatherproofing and related services from the inception of a project to its completion. The Defendant operates at least one of its facilities in Stone Mountain, Georgia.

8. Defendant Southeastern is an entity subject to suit under Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. Section 2000e et seq., "The Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq., and the Civil Rights Act of 1866, 42 U.S.C. Section 1981.

9. At all times material to this action, Defendant Southeastern has employed fifteen (15) or more employees for each working day of twenty (20) or more calendar weeks and is an employer within the meaning of Title VII.

**IV.** **Facts**

10. Plaintiff, Rodney Polonio, has worked on and off for the Defendant since March 31, 2004. During the relevant time period he worked as a Mechanic (a skilled labor position) in Defendant's Fireproofing Division.

11. Plaintiff is Belizean-Hispanic, black and over the age of forty (DOB 6/15/1959).

12. The Plaintiff has been discriminated against on the basis of his race, color, national origin, and age in pay, promotions, and other terms and conditions of employment in that he and other black employees receive lower starting wages than white employees and/or younger applicants.

13. The Plaintiff and other black and/or over the age of 40 employees are also denied the opportunity to advance to positions of higher pay and responsibility in that the Defendant does not have a transparent policy governing promotions and advancement.

14. Instead Defendant utilizes a subjective and unguided process that provides a ready mechanism for decision-makers to discriminate.

15. Black and those employees over the age of 40 are also assigned the most labor intensive jobs, while white and/or younger employees are given easier assignments.

16. On November 7, 2020, terminated the Plaintiff without warning and without cause. Defendant claims that the Plaintiff was working to slow and refused to take direction.

17. Plaintiff avers that the Defendant assigned him to more arduous task because of his race, color and/or age to force his resignation. When Plaintiff would not resign his employment the Defendant terminated him.

18. The Defendant did not treat white and/or younger employees in this manner. The Defendant regularly terminates blacks and/or older workers for pretextual reasons.

## V. Causes of Action

### Count I

### Race/Color Discrimination in Violation of Title VII and 42 U.S.C. § 1981

19. Plaintiff restates and incorporates by reference Paragraphs 1-18 above as part of this Count of the Complaint.

20. The Defendant discriminated against the Plaintiff based on his race/color in the terms and conditions of his employment when it treated similarly situated white employees more favorably than him with regards to pay, promotions, job assignments, and discipline.

21. Defendant discriminated against the Plaintiff on the basis of his race/color in the terms and conditions of his employment in violation of Title VII and 42 U.S.C. § 1981.

22. Defendant's conduct has been intentional, deliberate, willful and conducted with complete disregard of Plaintiff's federally protected rights.

23. By reason of Defendant's discriminatory employment practices, the Plaintiff has experienced extreme harm, including loss of compensation, wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies available under Title VII and 42 U.S.C. § 1981.

## Count II

### Age Discrimination in Violation of the Age Discrimination in Employment Act

24. The Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above with the same force and effect as if fully set out in specific detail hereinbelow.

25. Plaintiff was subjected to unequal treatment regarding his employment because of his age, over (40).

26. Defendant discriminated against the Plaintiff on the basis of his age in the terms and conditions of employment by treating him less favorably than younger employees with regards to pay, promotions, job assignments, and discipline.

27. As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

## Count III

### National Origin Discrimination in Violation of Title VII

28. Plaintiff restates and incorporates by reference Paragraphs 1-18 above as part of this Count of the Complaint.

29. The Defendant discriminated against the Plaintiff based on his national origin in the terms and conditions of his employment when it treated similarly situated native born employees more favorably than him with regards to pay, promotions, job assignments, and discipline.

30. Defendant discriminated against the Plaintiff on the basis of his national origin in the terms and conditions of his employment in violation of Title VII.

32.  Defendant's conduct has been intentional, deliberate, willful and conducted with complete disregard of Plaintiff's federally protected rights.

33.  By reason of Defendant's discriminatory employment practices, the Plaintiff has experienced extreme harm, including loss of compensation, wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies available under Title VII.

## VI. Prayer for Relief

WHEREFORE, the Plaintiff respectfully prays that this Court:

1.  Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act 1964, as amended, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621, et seq.;

2.  Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Plaintiff's rights.

3.  Enter an Order requiring the Defendant to make the Plaintiff whole by granting him appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal and/or compensatory, liquidated damages, punitive damages, and other benefits of employment.

4.  The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Plaintiff demands a trial by jury.

Respectfully submitted,

s/Roderick T. Cooks
Roderick T. Cooks
(pro hac vice forthcoming)
Lee D. Winston
(pro hac vice forthcoming)
Robert L. Beeman, II
Attorneys for the Plaintiff

**Of Counsel:**
Winston Cooks, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
Telephone:     (205) 502-0970
Facsimile:      (205) 278-5876

BEEMAN LAW FIRM
P.O. Box 253
Helena, AL 35080
205.663.9296 (O)
205.422.9015 (M)
800.693.5150 (F)

**Plaintiff's Address:**
Rodney Polonio
c/o Winston Cooks, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
Telephone:     (205) 502-0970
Facsimile:      (205) 278-5876

**Defendant's Address:**
Southeastern Restoration and Fireproofing
4598 Stonegate Industrial Blvd.
Stone Mountain, GA 30083